UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JOHNSON,

    Petitioner,                             Criminal No. 10-20583

v.                                          HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

    Respondent.

_____/

ORDER DENYING PETITIONER'S
MOTION TO VACATE SENTENCE

On February 23, 2017, Petitioner Steven Johnson filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which has been fully briefed. Johnson was convicted of being a felon in possession of a firearm on July 12, 2011. The court sentenced him to 96 months in prison.[1] The Court of Appeals for the Sixth Circuit affirmed Johnson's conviction on December 28, 2012, and the United States Supreme Court denied Johnson's petition for a writ of certiorari on May 13, 2013.

---

[1] As of May 21, 2018, Johnson was released from prison and is currently serving a term of supervised release. See Doc. 78. Because he is still serving his sentence on supervised release, Johnson satisfies the "in custody" requirement for a habeas petition. *United States v. Sandles*, 469 F.3d 508, 517-18 (6th Cir. 2006). *See also* 28 U.S.C. § 2255(a).

- 1 -

Pursuant to 28 U.S.C. § 2255(f)(1), Johnson had one year from the date on which his judgment of conviction became final to file his motion to vacate sentence.[2]  Johnson did not file his motion until almost four years after his conviction became final in 2013.

Johnson argues that he is entitled to equitable tolling of the statute of limitations.  A habeas petitioner is entitled to equitable tolling if he establishes that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010)).  Johnson alleges that he was placed in solitary confinement from February 28, 2014, until December 29, 2016, and that he did not have access to his legal materials.  However, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, 2017 WL 6376401, at *2 (6th Cir. Dec.

---

[2] Johnson does not allege an alternative beginning of the limitations period, such as the date of a retroactive decision of the Supreme Court or the date on which new evidence was discovered.  *See* 28 U.S.C. § 2255(f)(2)-(4).

12, 2017). *See also Stennis v. Place*, 2018 WL 3390444 at *3-4 (E.D. Mich. July 12, 2018) (Friedman, J.) (citing cases); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."). Moreover, as detailed in his petition, Johnson was able to file various other motions during the time period prior to filing his petition, undercutting his claim of due diligence. *See* Doc. 73 at 5-6. This court finds that Johnson is not entitled to equitable tolling and that his § 2255 petition is time barred.

Even if his petition was timely, Johnson's claims are without merit. Johnson alleges that the court improperly sentenced him outside of the guideline range, which is incorrect. The sentencing guideline range agreed upon by the parties was 92 to 115 months; the court sentenced Johnson to 96 months. *See* Doc. 49 at 1; Doc. 60 at 11-12. Further, "an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Johnson has not met this standard for relief.

Johnson also alleges that his counsel was ineffective because he advised him to stipulate to a previous felony conviction. The record reflects

that Johnson indeed had several prior felony convictions, including assault with a dangerous weapon, receiving and concealing stolen property, and delivery and manufacture of marijuana. *See* Presentence Investigation Report at 6-10. His counsel's failure to contest the incontestable does not render his performance deficient. *See generally Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on ineffective assistance of counsel claim, petitioner must demonstrate that "counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense").

For these reasons, IT IS HEREBY ORDERED that Johnson's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 67) is DENIED.

The court declines to issue a certificate of appealability, because Johnson has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

SO ORDERED.

Dated: September 4, 2018

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 4, 2018, by electronic and/or ordinary mail and also on Steven Johnson #44964-039, c/o RRM Detroit Residential Reentry Office, 4026 E. Arkona Rd. Milan, MI 48160.

s/Barbara Radke
Deputy Clerk